IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TROY ROSS                                                                                              PLAINTIFF

v.                                      Civil No. 4:19-cv-4048

SHERIFF JACKIE RUNYON and
CORPORAL WEBB                                                                                    DEFENDANTS

## ORDER

Currently before the Court is Plaintiff Troy Ross's failure to comply with two orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on May 9, 2019. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* was granted that same day. (ECF No. 3).

A review of Plaintiff's complaint revealed that he had not included any factual support for his claims and instead had referred to grievance numbers on the kiosk at the Miller County Detention Center. The Court entered an order instructing Plaintiff to file an Amended Complaint by May 30, 2019, to allege what occurred on April 20, 2019, when he contends excessive force was used against him. (ECF No. 3). Plaintiff did not file an Amended Complaint by the Court's imposed deadline.

On June 10, 2019, the Court entered an order directing Plaintiff to show cause on or before June 25, 2019, as to why he failed to file an Amended Complaint. (ECF No. 6). This order informed Plaintiff that failure to show cause by June 25, 2019, would subject this case to dismissal without prejudice for failure to obey an order of the Court. To date, neither of the Court's orders have been returned as undeliverable and Plaintiff has not responded to or acknowledged either.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. None of these orders have been returned to the Court as undeliverable. Therefore, the Court finds that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 2nd day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge